IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL JAMES HAFFNER,

      Plaintiff,

      v.                                            CASE NO. 18-3247-SAC

GEARY COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

**MEMORANDUM AND ORDER
AND ORDER TO SHOW CAUSE**

Plaintiff Michael James Haffner is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this case should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file a proper amended complaint to cure the deficiencies discussed herein.

**I. Nature of the Matter before the Court**

Plaintiff alleges that on July 27, 2016, he was arrested in Saline County, Kansas, on charges of theft by deception, forgery, writing a false statement, and paraphernalia. Plaintiff alleges that he wrote checks to his business from his business bank account. Plaintiff alleges that checks were "placed on inmates' books" and the jail came after him for theft. Plaintiff alleges that when he was taken into custody, he informed "them" in August of 2016 that he had PTSD and signed a waiver of release of information for them to obtain his diagnosis from the VA. Plaintiff alleges that he was refused medication and counseling "by the staff at Saline County Jail." Plaintiff alleges that from July to March he was "farmed out to Ottawa County" where they had no medical staff. He was sent back for PTSD concerns and moved from minimum to suicide watch for flashbacks

1

and night terrors in September 2016. He was moved to medium, then to the hole and to maximum security for PTSD-related outbursts and "aggressive and instinctual behavior." Plaintiff alleges that he was refused his prescribed medication.

Plaintiff alleges that he took a plea deal for writing worthless checks, and as part of the conditions he was to have no contact with his victim—the Saline County Sheriff's Department and jail. Plaintiff alleges that despite this condition, he was brought into custody by the "victims" in August of 2017. Plaintiff alleges that he was housed by his victim where they refused his medication for 18 months. Plaintiff alleges that he finally received his medication in May 2018. Plaintiff alleges that as a result of his criminal case, the Sheriff's Department seized just under $30,000 of Plaintiff's checks and money, and his business was ultimately foreclosed.

Plaintiff alleges that on August 16, 2018, Deputy Main asked Plaintiff to "get your hands out of your pants are ya looking for something, are you playing with yourself?" Plaintiff was written up after informing Main that he did not appreciate his sexually suggestive comments. Plaintiff was found not guilty of the violation due to Main's unprofessional conduct. Plaintiff alleges that the PREA does not allow for any officer to speak in such a manner. Plaintiff alleges that on May 10, 2018, he was not taken to court in his state criminal case and as a result two bench warrants for his arrest were issued. Plaintiff names as Defendants: Geary County Sheriff's Department; Saline County Jail; Saline County Sheriff's Department; (fnu) Main, Saline County Jail Deputy; and State of Kansas. Plaintiff seeks $500,000 in compensatory damages and $500,000 in punitive damages.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a).

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did

3

it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

### III. Discussion

#### *1. Improper Defendants*

Plaintiff names the Geary County Sheriff's Department and the Saline County Sheriff's Department as defendants. To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers*

*v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff's Departments and no causal link between any such inadequacy and the allegedly unconstitutional acts of staff. Plaintiff's claims against these defendants are subject to dismissal.

Plaintiff fails to allege who denied him his medication and who failed to transport him to his court appearances. Plaintiff has failed to allege personal participation in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff names the Saline County Jail as a Defendant. The facility is not a suable entity. Prison and jail facilities are not proper defendants because none is a "person" acting under color

of state law. As a governmental sub-unit, the jail cannot sue or be sued, and it is subject to dismissal from this action. *See Hinton v. Dennis*, 362 F. App'x 904, 907 (10th Cir. 2010) (unpublished); *Aston v. Cunningham*, 2000 WL 796086, at *4 n.3 (10th Cir. June 21, 2000) (unpublished) (stating that jail would be dismissed "because a detention facility is not a person or legally created entity capable of being sued"). The Saline County Jail is dismissed from this action.

Plaintiff also names the State of Kansas as a defendant. The State of Kansas and its agencies are absolutely immune from suits for money damages under the Eleventh Amendment. The Eleventh Amendment presents a jurisdictional bar to suits against a state and "arms of the state" unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which an agent or department of the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Kansas is dismissed from this action.

### *2. Sexual Harassment*

Plaintiff alleges that Deputy Main made inappropriate comments to him. The conduct of which Plaintiff complains does not reach the magnitude of a constitutional violation as required to state a claim under § 1983. A prisoner alleging a constitutional claim of sexual harassment must allege facts to establish the objective and subjective components of an Eighth Amendment violation. *Joseph v. Fed. Bureau of Prisons*, 232 F.3d 901 (Table), 2000 WL 1532783, at *1 (10th Cir. 2000); *see also, e.g., Barney v. Pulsipher*, 143 F.3d 1299, 1310 & n.10, 1312 n.15 (10th Cir. 1998). For the objective component, the plaintiff must allege facts to show that the harassment was objectively, sufficiently serious, causing an "unnecessary and wanton infliction of pain."

*Joseph*, 2000 WL 1532783, at *1–2 (internal quotation marks omitted) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997)). As to the subjective component, the plaintiff must allege facts to show that the defendant acted with "'deliberate indifference' to a substantial risk of serious harm to an inmate." *Barney*, 143 F.3d at 1310 (quoting *Farmer*, 511 U.S. at 834); *see also Joseph*, 2000 WL 1532783, at *1–2.

Where, as here, a prisoner alleges a guard made inappropriate or suggestive comments but did not touch him, courts have generally found the harassment was not sufficiently serious to meet the objective component of an Eighth Amendment claim. *See, e.g., Barney*, 143 F.3d at 1310 n.11 (noting that allegation of "severe verbal sexual harassment and intimidation" alone—in the absence of sexual "assault[ ]"—is insufficient to state an Eighth Amendment claim); *Austin v. Terhune,* 367 F.3d 1167, 1171 (9th Cir. 2004) ("Although prisoners have a right to be free from sexual abuse, whether at the hands of fellow inmates or prison guards, . . . the Eighth Amendment's protections do not necessarily extend to mere verbal sexual harassment." (internal citation omitted)); *Howard v. Everett,* 208 F.3d 218 (Table), 2000 WL 268493, at *1 (8th Cir. 2000) (unpublished) (sexual harassment consisting of comments and gestures, absent contact or touching, "does not constitute unnecessary and wanton infliction of pain"). The Tenth Circuit has found that "[m]ere verbal threats or harassment do not rise to the level of a constitutional violation unless they create 'terror of instant and unexpected death.'" *Alvarez v. Gonzales*, 155 F. App'x 393, 396 (10th Cir. 2005) (unpublished) (finding no constitutionally protected right where plaintiff claimed guard antagonized him with sexually inappropriate comment), *quoting Northington v. Jackson,* 973 F.2d 1518, 1524 (10th Cir. 1992).

The type of limited, nonphysical conduct alleged by Plaintiff, while inappropriate and unprofessional, is not objectively serious enough to give rise to an Eighth Amendment violation. *See Barney*, 143 F.3d at 1310 n.11. Plaintiff has failed to state a sexual harassment claim under § 1983 on which relief can be granted, and this claim is subject to dismissal.

Plaintiff also argues that Defendant Main's conduct violated his rights under the Prison Rape Elimination Act ("PREA"). *See* 34 U.S.C. §§ 30301–30309. The PREA "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983. *Porter v. Jennings*, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1 (E.D. Cal. Apr. 25, 2012); *see also Burke v. Corr. Corp. of Am.*, No. 09-3068-SAC, 2010 WL 890209, at *2 (D. Kan. Mar. 10, 2010); *Moreno v. Corizon Medical Provider*, No. 16-CV-01064-JCH-LF, 2017 WL 3052770, at *2 (D.N.M. June 21, 2017); *Moorman v. Herrington,* No. 4:08CV-P127-M, 2009 WL 2020669, at *2 (W.D. Ky. July 9, 2009) (collecting cases); *De'lonta v. Clarke,* No. 7:11–cv–00483, 2013 WL 209489, at *3 (W.D. Va. Jan. 14, 2013); *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294, at *3 (D. Vt. Aug. 12, 2008). "Section 1983 imposes liability on anyone who, under color of state law, deprives a person 'of any rights, privileges, or immunities secured by the Constitution and laws.'" *Blessing v. Freestone*, 520 U.S. 329, 340 (1997). "In order to seek redress through § 1983, however, a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." *Id.* (emphasis in original) (citing *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 106 (1989)). The Court concludes that, as a matter of law, Plaintiff cannot pursue a § 1983 claim based on Defendant's alleged failure to comply with the PREA.

### III. Motion to Appoint Counsel

Plaintiff filed a motion seeking appointment of counsel (Doc. 4), arguing that he is

financially unable to retain counsel. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion if Plaintiff's complaint survives screening.

**IV. Response and/or Amended Complaint Required**

Plaintiff is directed to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed

herein.[1]  Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's motion for appointment of counsel (Doc. 4) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Defendants Saline County Jail and State of Kansas are **dismissed.**

**IT IS FURTHER ORDERED** that Plaintiff is granted until **April 26, 2019,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **April 26, 2019**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

---

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.  Plaintiff must write the number of this case (18-3247-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

The Clerk is directed to send Plaintiff forms for filing a civil rights complaint under 42 U.S.C. § 1983.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 26th day of March, 2019.**

<u>S/ Sam A. Crow</u>
**SAM A. CROW**
**SENIOR U. S. DISTRICT JUDGE**